Colette A. WASHINGTON,
Plaintiff–Appellant,

v.

Dennis PATLIS, et al.,
Defendants–Appellees.

Colette A. WASHINGTON,
Plaintiff–Appellant,

v.

Herbert PATLIS and Dennis Patlis,
D/B/A Pico's Restaurant, et al.,
Defendants–Appellees.

Nos. 89–8044, 90–8313
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1990.

Rehearing Denied in No. 90–8313
Dec. 6, 1990.

Allen L. Prince, Dallas, Tex., for plain-
tiff-appellant.

Charles D. Olson, Kathleen M. French, Olson, Stem & Buenger, Waco, Tex., for defendants-appellees.

Before CLARK, Chief Judge, POLITZ and DAVIS, Circuit Judges.

PER CURIAM:

*In forma pauperis* plaintiff-appellant Colette A. Washington (Washington) is a black female and a former employee of Pico's restaurant in Waco, Texas. Tortillas Et Cetera, Inc. (Tortillas) is the corporation that owns and operates Pico's. Herbert Patlis is one of two co-owners of Tortillas Et Cetera, and Dennis Patlis is a manager at Pico's. Washington claims that she was discharged from Pico's because of her race, and she brought a Title VII action against Tortillas, Herbert Patlis, and Dennis Patlis. The district court granted Herbert Patlis's motion for summary judgment. After a bench trial, the court found that neither Tortillas nor Dennis Patlis discriminated against Washington because of her race. On appeal, Washington assigns four errors: (1) the findings failed to address direct evidence of discrimination; (2) one finding was defective; (3) the court erred in ruling on her motion for a new trial; and (4) costs should not have taxed to an *in forma pauperis* Title VII plaintiff. We affirm.

## I. Background.

Washington worked at Pico's in various capacities for almost ten months. She started as a counter worker, received several promotions, and was ultimately made a supervisor. Toward the end of her employment, Washington received permission to take a leave of absence from work in order to undergo elective treatment for a skin condition. A dispute arose as to whether Washington or two other employees would receive a promotion. Dennis Patlis claimed that one of the candidates, Tina Bennett (Bennett), told him that she had received a phone call from Washington and Washington's sister Matesia Berkley (Berkley) in which the two sisters threatened Bennett with violence. Dennis Patlis fired Washington. The district court found that the threat of violence was the sole reason for Washington's discharge.

At trial, Cynthia Trevino (Trevino), testified that Pico's had an unofficial policy of refusing to accept black employment applicants and that Dennis Patlis used the word "nigger." Trevino was one of the promotion candidates. She did not receive the promotion and she was later fired. The district court did not believe her testimony and found that she had committed perjury because she claimed to have heard conversations at Pico's which actually occurred after she was discharged. The district court concluded that Washington failed to prove by a preponderance of the evidence that she was discriminated against because of her race.

## II. Issues.

### A. Failure to address direct evidence of discrimination.

■ Washington argues that the district court discredited Trevino's testimony, but failed to consider Berkley's testimony and some of Washington's evidence. Washington does not argue that the district court's findings were clearly erroneous. Instead, she complains that they were not sufficiently detailed. This argument is without merit. The district court's findings were complete enough to afford a "reviewing court a clear understanding of the factual basis for the trial court's decision." *Interfirst Bank of Abilene, N.A. v. Lull Mfg.*, 778 F.2d 228, 234 (5th Cir.1985). The district court was not requested to make supplemental findings nor was the court required to make specific findings on every bit of evidence in the record. *Id.*

### B. Erroneous finding of fact.

■ The district court made the following finding of fact: "Defendant has demonstrated a lack of discriminatory animus in originally promoting Plaintiff. Defendant has articulated a nondiscriminatory reason for Plaintiff's discharge, i.e. the threat of violence to another employee." Washington argues that this finding is defective

because it refers to "defendant" when in fact there were two defendants—Tortillas and Dennis Patlis. Washington claims that the finding could not apply to Dennis Patlis because he did not work for Tortillas when Washington was promoted. This argument lacks merit. The finding obviously applies to both Tortillas and Dennis Patlis. We do not find it ambiguous or defective.

### C. Motion for a new trial.

The district court denied Washington's motion for a new trial under Fed.R.Civ.P. 60(b). Washington claims that the recipient of the threats of violence, Tina Bennett, was unavailable at trial but has been located in another city and is now willing to testify on Washington's behalf. Washington claims that Bennett will testify about the threats she received and will corroborate Trevino's testimony on the alleged discrimination at Pico's. Washington therefore moved for a new trial based on newly discovered evidence under Rule 60(b)(2). She also claims that Bennett's testimony will demonstrate that Dennis Patlis committed perjury by testifying that Bennett told him that Washington and Berkley made threats to Bennett. Thus, Washington argues that a new trial is warranted on the basis of fraud under Rule 60(b)(3).

A motion for a new trial under Rule 60(b) is an extraordinary motion. *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir.1975), *rev'd on other grounds*, 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976). "That spirit of finality which is implicit in all judgments, commands that courts be cautious in exercising the discretion vested in them to reopen proceedings for a new trial...." *Id.* We will not overturn the district court's denial of a motion for a new trial absent an abuse of discretion. *Hand v. United States*, 441 F.2d 529, 531 (5th Cir.1971). The court's discretion was not abused here.

■ Washington's argument that Bennett's testimony justifies a new trial based on newly discovered evidence is without merit. First, Bennett's testimony is not newly discovered. Washington's affidavit of September 6, 1989 states that she spoke with Bennett about the threats of violence soon after Washington's discharge. Washington therefore had knowledge, before trial, of Bennett's identity and what her testimony would be. Washington did not move for a continuance in order to locate Bennett. These circumstances suggest that Washington believed that she could adequately present her case without Bennett's testimony. *See Hoyt R. Matise Co. v. Zurn*, 754 F.2d 560, 568 n. 14 (5th Cir. 1985). Washington's motion styled "Plaintiff's Supplement to Motion for New Trial" confirms this inference. It states: "Plaintiff's production of Tina Bennett would have been at relatively great expense, and the production of the testimony would have been redundant.... Plaintiff wishes to expend greater effort than was previously thought justifiable, and the Court should reopen the testimony to allow it." The district court correctly declined and we will not allow a party to reopen litigation on the grounds that she "could not have foreseen that the district court would reject [her] claim without the testimony of [an] absent witness." *Zurn*, 754 F.2d at 568 n. 14.

Second, Washington has failed to show that "a new trial would produce a new result." *Ag Pro*, 512 F.2d at 143. Aside from the fact that Bennett was fired from Pico's, the affidavits filed by Washington and her lawyer do not suggest that Dennis Patlis's testimony was materially untrue. Neither Washington's affidavit nor that of her lawyer states that Bennett would deny that she told Dennis Patlis that Washington threatened her.

Washington argues that Berkley's trial testimony suggests that Bennett would deny receiving threats from Washington and Berkley. Berkley, however, only denied that she threatened Bennett. Berkley's testimony did not absolve Washington, and it did not address what Bennett told Dennis Patlis. Moreover, Washington never denied threatening Bennett even though she was recalled as a witness after Dennis Patlis had articulated his reasons for firing her. Washington has not shown

that Bennett's testimony would produce a different result.

Finally, Washington failed to demonstrate due diligence in attempting to locate Bennett. *See Ag Pro*, 512 F.2d at 143. The only reference to due diligence in the record is Washington's affidavit of September 6, 1989 which states that Bennett's former husband told Washington that Bennett was residing in Indianapolis, that Washington wrote a single letter to Bennett, and that Washington tried to obtain Bennett's telephone number by calling information. Washington's motion styled "Plaintiff's Supplement to Motion for New Trial," quoted *supra*, indicates that she and her lawyer decided not to make further attempts to locate Bennett. Washington cannot now complain of injustice when she neither moved for a continuance nor made a reasonably diligent effort to locate her missing witness.

■ Washington's argument that Bennett's testimony justifies a new trial based on fraud is also without merit. A party making a Rule 60(b)(3) motion must "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Montgomery v. Hall*, 592 F.2d 278, 278–79 (5th Cir. 1979). Washington has done neither. At best, the affidavits filed by Washington and her lawyer suggest that Bennett's testimony might contradict some of Dennis Patlis's testimony at trial. They do not approach clear and convincing evidence of fraud or misconduct. Furthermore, Washington had every opportunity to fully and fairly present her case. Washington's claim that she has new evidence of alleged perjury is more properly addressed under Rule 60(b)(2) which covers newly discovered evidence.

■ The claim that a new trial is justified because Bennett will provide additional testimony regarding allegedly discriminatory hiring practices at Pico's is also without merit. Trevino testified about the allegedly discriminatory hiring practices at trial, and the district court found that she was

not credible. Her offer to put on additional testimony regarding discriminatory hiring is meritless because such evidence would be merely cumulative. *See Ag Pro*, 512 F.2d at 143.

D. Costs taxed to an *in forma pauperis* Title VII plaintiff.

■ Washington argues that the district court erred by taxing costs against her. When a party proceeds *in forma pauperis*, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases...." 28 U.S.C. § 1915(e). However, for *in forma pauperis* litigants, a federal court "may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees and costs or security therefor...." 28 U.S.C. § 1915(a). We have held that the quoted statutory language indicates that Congress intended for qualified litigants to be able to proceed without advancing costs, but that they may be ultimately liable for costs. *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir.1988) (per curiam).

Washington argues that the "as in other cases" language of section 1915(e) refers to Fed.R.Civ.P. 54(d) which provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Washington further argues that Title VII contains an exception to Rule 54(d). Title VII provides: "Upon application by the complainant and in such circumstances as the court may deem just, the court may ... authorize the commencement of the action without payment of fees, costs, or security." 42 U.S.C. § 2000e–5(f)(1).

We hold that the district court did not err by taxing costs to Washington for two reasons. First, Title VII provides the district court with discretion regarding whether to tax costs to a complainant. Washington does not argue that the district court abused its discretion.

Second, it is apparent that the effect of section 2000e–5(f)(1) of Title VII is the same as the effect of section 1915(a). The language in the two statutes is very similar. The major difference is that section 1915(a) contains the word "prepayment," whereas Title VII uses the word "payment." This is a distinction without a difference. Section 1915(a) permits a court to authorize "the commencement, prosecution or defense of any suit, action or proceeding" without prepayment of costs. Title VII permits "the commencement of the action" without payment of costs. Section 1915(a) covers all phases of litigation. Thus, "prepayment" evidences an intention for *in forma pauperis* litigants to remain potentially liable for costs through "prosecution or defense" of any suit. By contrast, Title VII, which contains the word "payment," relates only to the commencement of the action. Title VII does not make an exception to the general rule that federal courts may award costs to the prevailing party under Rule 54(d).

### III. Conclusion.

The judgment appealed from is
AFFIRMED