**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-50014

(Summary Calendar)
_____


GLENN D. TROTTIE,

                              Plaintiff-Appellant,

versus

SW BELL YELLOW PAGES,

                              Defendant-Appellee.
        and

LEROY ROSAS,

                              Defendant.

_____

Appeal from the United States District Court
For the Western District of Texas
(SA-91-CV-29)
_____
(July 24, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Glenn D. Trottie sued Southwestern Bell Yellow Pages, Inc. ("SWBYP") under Title VII, 42 U.S.C. § 2000e (1988), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1988), alleging discriminatory and retaliatory discharge.  The district court granted SWBYP's motion for summary judgment on all claims.

_____

    [*]    Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Trottie appealed, and we remanded for reconsideration of his Title VII retaliatory discharge claim. The district court again granted summary judgment against Trottie, and later denied Trottie's motion for a new trial. Trottie appeals the district court's denial; we affirm.

I

Glenn D. Trottie filed a Title VII retaliatory discharge claim against his employer, SWBYP, alleging that SWBYP fired him in retaliation for his having filed a discrimination claim with the EEOC. At the close of the evidence at trial, the district court granted summary judgment against Trottie, finding that Trottie would have been fired even if he had not filed the EEOC claim. Trottie filed a motion for a new trial, alleging that SWBYP's attorneys had coerced a defense witness, Judy Moore, into giving perjured testimony. Trottie's support for this claim is a tape of a post-trial conversation he had with Moore, his manager's secretary, during which Moore states that she does not remember when SWBYP's managers called a meeting to discuss terminating Trottie's employment.[1] Trottie alleges the meeting occurred in January or February of 1990, immediately after he filed his EEOC claim, but Moore testified at trial that the meeting occurred in late May or early June of 1990. In the taped conversation, Moore discusses her discomfort with SWBYP's attorneys' efforts to prepare her for trial and does not attempt to refute Trottie's statements

_____

[1] SWBYP does not dispute the accuracy of Trottie's transcription of the conversation in his brief on appeal.

-2-

that the attorneys had threatened that she would lose her job if she did not testify favorably for SWBYP.  Trottie also based his motion for a new trial on the grounds that the tape, EEOC arbitration transcripts, and an affidavit from a SWBYP employee who claims that he overheard Moore say before trial that the meeting had occurred early in the year constituted newly discovered evidence of retaliatory discharge warranting a new trial.  The district court denied his motion.  Trottie appeals, claiming that in light of his newly discovered evidence supporting his Title VII claim and proof that the defense relied on perjured testimony at trial, the district court abused its discretion in denying him a new trial.

II

Under Federal Rule of Civil Procedure 60(b), a court may grant a new trial if the movant offers either newly discovered evidence or evidence of misrepresentation on the part of an adverse party. Fed. R. Civ. P. 60(b)(2), (3).[2] We will reverse a district court's denial of a Rule 60(b) motion only if it abused its discretion. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197,

---

[2]     Rule 60(b) provides that a court may:
relieve a party . . . from a final judgment . . . for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Fed. R. Civ. P. 60(b).

1200-01 (5th Cir. 1990).  We apply this deferential standard "to ensure that 60(b) motions do not undermine the requirement of a timely appeal."  *Id.*  "[T]o overturn the district court's denial of [a] Rule 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion."  *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977), *quoted in Lancaster v. Presley*, 35 F.3d 229, 231 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1380, 131 L. Ed. 2d 233 (1995).

A

Trottie claims that the district court abused its discretion in denying his motion for a new trial after he presented newly discovered evidence, namely the taped conversation with Moore, EEOC arbitration transcripts, and a co-worker's affidavit as to Moore's alleged statement that SWBYP's managers discussed terminating Trottie early in 1990.  "In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching."  *Diaz v. Methodist Hospital*, 46 F.3d 492, 495 (5th Cir. 1995).  "The burden is on Appellant to demonstrate that the new evidence clearly weighs in favor of a new trial." *Id.*

The evidence contained in the taped conversation, EEOC transcripts, and co-worker's affidavit is not sufficient newly

discovered evidence to warrant a new trial. Trottie has not shown that, even with due diligence on his part, this evidence could not have been obtained prior to or during trial. *See Diaz*, 46 F.3d at 496 (refusing to grant new trial on the basis of an affidavit obtained after trial where movant failed to convince court that a truly diligent litigant would have been "powerless" to unearth the evidence during discovery); *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (refusing to grant new trial on the basis of new evidence where movant did not show that she had demonstrated due diligence in attempting to locate the evidence during trial, which would have included a request for a continuance). Such an argument would be difficult for Trottie to make, particularly with respect to Moore's pre-trial statement and the EEOC arbitration.[3] Also, Trottie has failed to demonstrate that any of his offered evidence would probably have changed the outcome of the case. Trottie claims only that the district court "relied heavily" on Moore's trial testimony that the meeting was held in late May or early June in granting summary judgment in SWBYP's favor.[4] However, in its Order Granting Motion For Summary Judgment, the

---

[3]     Trottie was a participant in the EEOC proceedings of which he has obtained transcripts, and was also the person to whom Moore was speaking when she was overheard before trial to say that SWBYP's managers met to discuss terminating Trottie early in 1990, suggesting that these pieces of evidence are not so much newly discovered as newly produced. *See Washington*, 916 F.2d at 1038 (holding that evidence cannot be newly discovered if appellant had knowledge of its existence but did not attempt to acquire it); *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 598 (5th Cir. 1980) (distinguishing between newly discovered evidence and newly produced evidence), *cited in Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992).

[4]     Trottie offers no explanation as to how the arbitration transcripts might have changed the outcome of the case.

court stated that even if the meeting had occurred as Trottie alleged, unrebutted evidence still showed that SWBYP had legitimate nondiscriminatory reasons for discharging Trottie. The court granted summary judgment for SWBYP because Trottie had not produced evidence showing a causal connection between his EEOC claim and his discharge. Because Trottie either knew about or should have discovered the evidence that he claims is newly discovered, and because it is very unlikely that the evidence would have changed the outcome of the trial, the district court's refusal to grant Trottie's 60(b) motion on the grounds of newly discovered evidence was not so unwarranted as to amount to an abuse of discretion.

B

Trottie also claims that the district court should have granted him a new trial based on evidence that he believes shows that Moore perjured herself in testifying that the meeting was held in late May or early June of 1990. "An allegation of fraud urged by a party as a basis for new trial under Rule 60(b)(3) must be established by clear and convincing evidence, [and] [t]he conduct complained of must have prevented the moving party from fully and fairly presenting his case or defense." *Johnson v. Offshore Express, Inc.,* 845 F.2d 1347, 1358 (5th Cir. 1988); *accord Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

Thus, even if we assume that Trottie's allegations of perjury are true, we will reverse the district court's decision only if Trottie can show that the perjury prevented him from fully and

fairly presenting his claim of retaliatory discharge. *See Diaz*, 46 F.3d at 497 (stating that "[e]ven if we accept as true Appellant's assertions of perjury, we would only set aside the decision of the trial court if we found that Appellee's actions foreclosed the possibility that Appellant could `fully and fairly present [his] case.'" (quoting *Longden*, 979 F.2d at 1103)). We have held that if a trial court did not rely on allegedly perjured testimony in reaching its decision, it does not abuse its discretion in refusing to grant a new trial on the basis of evidence of the perjury. *Johnson*, 845 F.2d at 1359.[5] Because the district court expressly stated that it found that Trottie would have been fired whether or not he filed his EEOC complaint, and that its judgment was based on Trottie's failure to rebut SWBYP's evidence that it had fired Trottie for nonretaliatory reasons, we conclude that the district court did not base its decision on Moore's statements at trial about the timing of the meeting. Therefore, the district court did not abuse its discretion in refusing to grant Trottie's 60(b)

---

[5] *See also In re Ginther*, 791 F.2d 1151, 1153-54 (5th Cir. 1986) (holding that appellant was not prevented from fully and fairly presenting case where district court did not base its decision on allegedly perjured affidavit or use affidavit in determining its final settlement order); *Carson v. Polley*, 689 F.2d 562, 585-86 (5th Cir. 1982) (holding that district court did not abuse its discretion in refusing to grant new trial after appellee wrongfully withheld evidence because evidence was not relevant to case or legal issues and its nonavailability did not prejudice appellant). In *McLawhorn v. John W. Daniel & Co., Inc.*, the Fourth Circuit held that a trial court did not abuse its discretion in refusing to grant a new trial based on evidence of fraud where, as here, the evidence was irrelevant to the court's grant of summary judgment in employment discrimination suit in which the plaintiff failed to rebut employer's legitimate reasons for termination. *McLawhorn*, 924 F.2d 535, 538 (4th Cir. 1991).

motion on the grounds that Moore's testimony was perjured.[6]

### III

For the foregoing reasons, we AFFIRM the district court's denial of Trottie's motion for a new trial.

---

[6] *See Johnson*, 845 F.2d at 1359 (finding no abuse of discretion in trial court's refusal to grant new trial on evidence of perjury where trial court stated when it denied the motion that it had not relied on the allegedly perjured testimony in reaching its decision).

Trottie also claims that the district court abused its discretion in denying his motion for a new trial because he was unfairly surprised by SWBYP's refusal to release EEOC arbitration transcripts until the court ordered their release on the first day of trial. For authority, Trottie cites *Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108 (5th Cir. 1982), in which we held that a district court may grant a new trial if the movant's case is prejudiced by unfair surprise. *Conway*, 687 at 111-12. However, *Conway* also provides that "[appellate courts have] limited reversible error from unfair surprise to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify" *Id.* at 112; *accord Genmoora Corp. v. Moore Business Forms, Inc.*, 939 F.2d 1149, 1156 (5th Cir. 1991). Trottie fails to allege, much less establish, that SWBYP's belated release of the transcript is tantamount to SWBYP raising a new issue at trial.