United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10364
Summary Calendar
_____

ALLEN FITZGERALD CALTON,

                                        Plaintiff-Appellant,

versus

CITY OF GARLAND; ET AL.,

                                        Defendants,

M.G. CLARK, Garland Police Officer; LUCAS SHUPE,
Garland Police Officer; D. BANDA, Garland Police Officer;
J. PUCKETT, Garland Police Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2215
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Allen Fitzgerald Calton, currently Texas prisoner # 1123880,

appeals the jury verdict in favor of the defendants in his pro

se, in forma pauperis (IFP) 42 U.S.C. § 1983 action.  Calton

challenges the evidentiary basis for the jury's verdict.  Calton

did not move for judgment as a matter of law prior to or

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following the entry of the jury verdict as required by FED. R. CIV. P. 50(a) and (b). His failure to comply with Rule 50 forecloses his challenge to the sufficiency of the evidence on appeal. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 126 S. Ct. 980, 987 (2006). Because Calton made no Rule 50 motion in district court, "there [i]s no basis for review of [his] sufficiency of the evidence challenge in the Court of Appeals." Id. at 989.

Calton next argues that the district court improperly assessed costs against him because he is indigent. Title 28, Section 1915 provides that when a party proceeds IFP "judgment may be rendered for costs at the conclusion of the suit or action as in other cases." 28 U.S.C. § 1915(f)(1). We conclude that Calton fails to show the assessment of costs was erroneous simply because he was proceeding IFP. See Washington v. Patlis, 916 F.2d 1036, 1039-40 (5th Cir. 1990).

Finally, Calton argues that the defendants are not entitled to an award of attorneys' fees. At the time the parties filed their appellate briefs a defense motion for attorneys' fees was pending in the district court. The district court has since denied the motion, however, and Calton's argument is moot. See Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1998).

AFFIRMED.