**Susan Michele PARKER and Carl Gregg Parker, Plaintiffs**

v.

**WAL–MART STORES, INC., Defendant.**

**Civil Action No. 3:05–cv–768–HTW–JCS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 15, 2008.

Joe M. Ragland, Ragland Law Firm, Jackson, MS, for Plaintiffs.

Thomas M. Louis, D. Stephen Brouillette, Jr., Wells, Marble & Hurst, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

HENRY T. WINGATE, Chief Judge.

Before this court is plaintiffs Susan Michele Parker's ("Mrs.Parker") and Carl Gregg Parker's ("Mr.Parker") [1] motion to relieve the plaintiffs of the granting of defendant Wal–Mart Stores, Inc.'s ("Wal–Mart") motion for summary judgment [**Docket Nos. 113, 55**]. The Parkers submit the instant motion pursuant to Fed.R.Civ.P. 60(b) [2] and (c) [3]. The plaintiffs argue that after this court granted the defendant's Fed.R.Civ.P. 56(b) [4] motion for summary judgment on February 28, 2007 [**Docket No. 106**], Wal–Mart produced evidence in another unrelated lawsuit [5] which, if known by the Parkers and this court during the pendency of Wal–Mart's summary judgment motion, would have allowed the Parkers' lawsuit to survive summary judgment. The Parkers claim further that they asked Wal–Mart for, but were not given, the allegedly newly discovered evidence in question during the discovery phase of the present lawsuit. Wal–Mart opposes the Parkers' motion. The plaintiffs' argument is not well taken, and this court is persuaded to deny the Parkers' motion [**Docket No. 113**].

### I.   Statement of Relevant Facts and Procedural History

On or about September 30, 2003, Mrs. Parker traveled with her three minor chil-

---

1. The court will refer to plaintiffs Susan Michele Parker and Carl Gregg Parker, wife and husband, collectively, as "the Parkers."

2. Fed.R.Civ.P. 60(b) provides, in pertinent part, that "the court may relieve a party [ . . . ] from a final judgment, order, or proceeding for the following reasons: [ . . . ](2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed.R.Civ.P. 59(b)]; [ . . . ](3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"

3. Fed.R.Civ.P. 60(c) states that "a motion under Rule 60(b) must be made within a reasonable time—and for [Rule 60(b)(2)] no more than a

year after the entry of the judgment or order or the date of the proceeding."

4. Fed.R.Civ.P. 56(b) states, in pertinent part, that "a party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

5. The plaintiffs' instant Fed.R.Civ.P. 60(b) motion rests upon evidence that defendant Wal–Mart allegedly produced as discovery materials in the case of *Shajuana Bell v. Wal–Mart Stores, Inc., et al.,* Civil Action No. 4:07–cv–98–MB, currently pending in the United States District Court for the Northern District of Mississippi–Greenville Division.

dren to a Wal–Mart shopping center located in Flowood, Mississippi, to purchase party supplies. Mrs. Parker and her children walked from their car across the parking lot toward the front entrance of the store. Then, as she approached the curb, Mrs. Parker's oldest child directed her attention to some deer stands displayed outside the Wal–Mart store. Ms. Parker claims that, as she stepped up on the curb, the heel of her foot became lodged in a crack in the expansion joint of the pavement, which she estimates to be approximately 3 inches by 3 inches, and approximately two 5/8 inches deep, causing her to fall and break her ankle.

On July 25, 2005, the Parkers commenced the instant lawsuit against Wal–Mart. Mrs. Parker seeks to recover unspecified actual and punitive damages allegedly resulting from her "trip-and-fall" incident. Mr. Parker asserts a claim for loss of consortium.

In an opinion issued on February 28, 2007, this court granted Wal–Mart's motion for summary judgment, thereby dismissing the plaintiffs' respective claims. On appeal to the Fifth Circuit, a three-judge panel unanimously affirmed this court's decision to grant Wal–Mart's Rule 56(b) motion [**Docket Nos. 114, 115**].

In submitting the present motion, the Parkers allege that Wal–Mart withheld from the plaintiffs and, thus, from this court, information pertinent to the court's analysis of Wal–Mart's Rule 56(b) motion. The Parkers claim to have served the defendant with interrogatories and requests for production of documents which required Wal–Mart to yield to the plaintiffs information detailing the safety policies Wal–Mart had in place at the time of Mrs. Parker's alleged "slip-and-fall." The interrogatories, say the plaintiffs, included the following language:

> *INTERROGATORY NO. 1:* Please state in detail what Wal–Mart's policies and procedures are that their agents, employees or representatives are to follow when they discover a condition on the premises which could rise to injury [ . . . ]

> *INTERROGATORY NO. 6:* Please state whether Wal–Mart had any procedures for regular inspection of the condition of the premises **at the time of the occurrence in question?** If so, please describe.

The Parkers also claim to have delivered to Wal–Mart the following request for production of documents:

> *REQUEST NO. 5:* Please produce copies of any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

The defendant, say the Parkers, responded to the aforementioned interrogatories and request for production of documents by delivering to the plaintiffs a document titled "Wal–Mart Slip, Trip, and Fall Guidelines," dated September 16, 2004 ("the 2004 Guidelines").

The Parkers now argue that the "slip and fall" procedures detailed in the 2004 Guidelines were not yet in effect on September 30, 2003 when Mrs. Parker's alleged injury occurred. The plaintiffs contend they discovered that Wal–Mart produced, as part of the discovery materials in a separate, unrelated case, another document titled "Wal–Mart Slip, Trip, and Fall Guidelines," dated August 2003 ("the 2003 Guidelines"). The Parkers assert that the 2003 Guidelines, rather than the 2004 Guidelines, contain the "slip-and-fall" policies and procedures Wal–Mart maintained at the time of Mrs. Parker's alleged fall.

The Parkers state further that they did not become aware of the 2003 Guidelines until after this court issued its February 28, 2007 order granting Wal–Mart's Rule 56(b) motion. The plaintiffs claim that had Wal–Mart delivered to them the proper policy manual during the discovery phase of the present lawsuit, they would have argued to this court that under Mississippi substantive law, Wal–Mart's stated policies, as set forth in the 2003 Guidelines, determine Wal–Mart's minimum standard of care in negligence lawsuits. Thus, say the Parkers, absent Wal–Mart's alleged withholding of the 2003 Guidelines from them, the plaintiffs would have survived summary judgment.

Contrarily, Wal–Mart states that despite the effective dates listed on the 2003 and

2004 Guidelines, the 2004 Guidelines express the "slip-and-fall" policies maintained by Wal–Mart on the date in question. In fact, in its responsive memorandum of authorities now before the court, Wal–Mart argues that the 2003 and 2004 Guidelines set forth the same procedures regarding Wal–Mart's "slip-and-fall" policies. According to the defendant, both the 2003 and 2004 Guidelines include the following language:

- Ensure the parking lot is free from potholes, trash, large cracks, and cracked sidewalks curbs
  - Alert a salaried member of management when these items are in need of repair

Thus, says Wal–Mart, the plaintiffs have failed to present "newly discovered evidence," as defined by Fed.R.Civ.P. 60(b) and relevant Fifth Circuit jurisprudence.

## II. *Analysis*

### A. Rule 60(b) Motion Standard

■ "Under Fed.R.Civ.P. 60(b), a court may relieve a party from a final judgment on the basis of newly discovered evidence, evidence of misconduct on the part of an adverse party, or any other reason justifying relief from the operation of the judgment." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.,* 62 F.3d 767, 770 (5th Cir.1995) (internal quotations omitted); *also see Steverson v. GlobalSantaFe Corp.,* 508 F.3d 300, 303 (5th Cir.2007). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice in done in light of all the facts." *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 638 (5th Cir.2005). Rule 60(b)(2) allows a court to relieve a party from a final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) [6]." *Peyton Place,* 62 F.3d at 770–71. Under Rule 60(b)(3), a court may relieve a party from final judgment if the adverse party committed fraud,

misrepresentation, or other misconduct. *Gen. Universal Sys., Inc. v. Hal, Inc.,* 379 F.3d 131, 156 (5th Cir.2004).

### B. The Plaintiffs' Motion for Rule 60(b)(2) Relief

■ The plaintiffs argue they are entitled to relief from final judgment because of the defendant's failure to submit the 2003 Guidelines to them in response to the Parkers' discovery requests. In order to succeed on their Rule 60(b)(2) motion based on newly discovered evidence, the Parkers "must demonstrate: (1) that [they] exercised due diligence in obtaining the [2003 Guidelines]; and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Hesling,* 396 F.3d at 639; *see also N.H. Ins. Co. v. Martech USA, Inc.,* 993 F.2d 1195, 1200–01 (5th Cir.1993); *Longden v. Sunderman,* 979 F.2d 1095, 1102–03 (5th Cir.1992); *Peyton Place,* 62 F.3d at 771. "[N]ewly discovered evidence must be in existence at the time of [the final judgment] and not discovered until after [the final judgment]." *Id.; also see Nat'l Labor Relations Bd. v. Jacob E. Decker and Sons,* 569 F.2d 357, 364 (5th Cir.1978) ("There can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials"). Further, a party cannot prevail under Rule 60(b)(2) on newly discovered evidence that is merely cumulative or impeaching and would not have changed the outcome of the judgment. *Hesling,* 396 F.3d at 639–40 (citing *Trans Miss. Corp. v. U.S.,* 494 F.2d 770, 773 (5th Cir. 1974)).

The Parkers argue that they would have survived the summary judgment phase of this lawsuit had they known of the 2003 Guidelines prior to the dismissal of their claims. The plaintiffs state their expert witnesses solely based their deposition testimo-

---

6. Fed.R.Civ.P. 59(b) provides that "a motion for new trial must be filed no later than 10 days after the entry of judgment." The plaintiffs claim they did not discover the existence of the defendant's 2003 Wal-Mart Slip, Trip, and Fall Guidelines

until October 18, 2007, eighteen (18) days after the entry of this court's September 28, 2007 order granting Wal-Mart's Rule 56(b) motion for summary judgment.

ny on the 2004 Guidelines, thereby giving the defendant ammunition to attack the sufficiency of the plaintiffs' pleadings. The Parkers assert further that if Wal–Mart had given their expert witnesses access to the 2003 Guidelines, the witnesses' deposition and in-court testimony would have convinced this court that Wal–Mart's failure to follow its own policies regarding "slip-and-fall" incidents constituted negligence for which Wal–Mart could be held liable. This court disagrees.

■ As stated in the court's February 28, 2007 order granting Wal–Mart's Rule 56(b) motion and by the Fifth Circuit in affirming this court's previous ruling, Mississippi substantive law is clear that as a business invitee of Wal–Mart, Mrs. Parker has to prove: (1) that an unreasonably dangerous condition existed; (2) that such condition caused her injury; and (3) that Wal–Mart failed to warn her adequately of the dangerous condition if the condition was hidden and not in plain and open view. *Leffler v. Sharp,* 891 So.2d 152, 157 (¶ 10) (Miss.2004). Mississippi courts have long held that normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions. *See McGovern v. Scarborough,* 566 So.2d 1225, 1228 (Miss.1990) (affirming directed verdict in favor of defendant because raised threshold was not unsafe); *Stanley v. Morgan & Lindsey, Inc.,* 203 So.2d 473, 477 (Miss.1967) (finding a curb not inherently dangerous); *see also Tate v. S. Jitney Jungle Co.,* 650 So.2d 1347, 1351 (Miss.1995) (recognizing that liability has not been imposed in cases involving "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs, and steps"). Mississippi courts have determined further that these normally occurring dangers do not become hazardous conditions simply because they contain minor imperfections or defects. *See First Nat'l Bank of Vicksburg v. Cutrer,* 214 So.2d 465, 466 (Miss.1968) (cracks on the edge of concrete riser not unreasonably dangerous condition); *City of Biloxi v. Schambach,* 247 Miss. 644, 157 So.2d 386, 392 (1963) (sidewalk defect consisting of a three to four-inch differential in height between sidewalk blocks was not insufficient to impose liability); *City*

*of Greenville v. Laury,* 172 Miss. 118, 159 So. 121, 122 (1935) (reasonable jury could not have found that a crevice in the street measuring a half-inch to three inches in width and depth and eighteen inches to two feet in length was of such character to make the street unsafe for use); *Bond v. City of Long Beach,* 908 So.2d 879, 882 (Miss.Ct.App.2005) (one inch elevation of the sidewalk did not create dangerous condition which the City should have anticipated); *Howard v. City of Biloxi,* 943 So.2d 751, 756 (Miss.Ct.App.2006) (In the context of a claim made under the Mississippi Tort Claims Act, a crack in the sidewalk with a height differential between 1/2 inch and 1½ inches was open and obvious so as to provide immunity for a municipality). The plaintiffs fail to cite, nor is this court aware of, any Mississippi statute or jurisprudence in the premises liability context that finds that a premises owner can be held liable simply by virtue of its violation of its own internal safety policies. As such, the evidence presented by the Parkers would not have changed this court's summary judgment finding in favor of Wal–Mart.

■ In support of their Rule 60(b)(2) motion, the Parkers erroneously rely solely upon the interrogatories and requests for production of documents they submitted to Wal–Mart to establish that they exercised due diligence in obtaining the 2003 Guidelines. The Parkers admit that the front page of the 2004 Guidelines shows that the document went into effect on September 16, 2004—nearly one year after Mrs. Parker's injury occurred. Until now, the plaintiffs have failed to object to Wal–Mart's production of the 2004 Guidelines, and apparently decided not to make further attempts to obtain documents detailing Wal–Mart's "slip-and-fall" policies that predated Mrs. Parker's injury. As such, this court finds that the plaintiffs did not exercise due diligence in obtaining the 2003 Guidelines. *See Washington v. Patlis,* 916 F.2d 1036, 1039 (5th Cir. 1990) (finding lack of due diligence where party was aware of witness prior to final judgment but neither moved for a continuance to locate witness nor attempted to find her by doing more than making a telephone

call). Thus, the Parkers' Rule 60(b)(2) motion is without merit.

### C. The Plaintiffs' Motion for Rule 60(b)(3) Relief

■■■■■ To prevail on their claim for relief under Rule 601(b)(3), the Parkers must establish by clear and convincing evidence (1) that Wal–Mart engaged in fraud or other misconduct, and (2) that this misconduct prevented the Parkers from fully and fairly presenting their case. *Hesling*, 396 F.3d at 641; *Peyton Place*, 62 F.3d at 772; *also see Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978). "Unlike Rule 60(b)(2), [Rule] 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case." *Hesling*, 396 F.3d at 641. "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* "The rule is remedial and should be liberally construed." *Id.*

In the *Rozier* case, the court granted the plaintiff's Rule 60(b)(3) motion upon finding that the defendant had committed misconduct during the discovery phase of that litigation. *Rozier*, 573 F.2d at 1342–45. There, the court held that the defendant's withholding of certain information during discovery prevented the plaintiff from fully and fairly presenting her case. *Id.* The defendant's actions, said the court, caused the plaintiffs to decide not to assert certain theories of liability and to de-emphasize others. *Id.* at 1342. The court determined further that if the fraudulently withheld documents had been produced, the plaintiffs likely would have approached the case and prepared for trial differently. *Id.*

The plaintiff in *Hesling* sought final judgment relief under Rule 60(b)(3), claiming that the defendant fraudulently withheld from her information relating to the defendant's allegedly excessive train speed and the installation of crossing gates following the railroad accident there in question. *Hesling*, 396 F.3d at 632. The *Hesling* court found these issues to be inadmissible as a matter of law and excluded testimony or evidence on the matters. *Id.* at 642. On appeal, the Fifth Circuit upheld the lower court's finding and

determined that the defendant's "failure to produce the documents did not affect how [the plaintiff's] case was presented to the court." *Id.* ("[W]e agree with the magistrate judge's finding that [the plaintiff] has not shown interference in her ability to present her case").

In the case *sub judice,* the Parkers claim that because Wal–Mart delivered to them the 2004 Guidelines rather than the 2003 Guidelines in response to the plaintiffs' discovery requests, the defendant prevented them from fully and fairly presenting their case. The Parkers argue that if Wal–Mart had given them the 2003 Guidelines as part of the discovery materials in this lawsuit, the Parkers' safety experts would have testified that the internal "slip-and-fall" policy outlined in the 2003 Guidelines is the applicable minimum standard of care in this case.

The Parkers do not dispute that the 2003 and 2004 Guidelines contain the same language pertaining to the defendant's internal "slip-and-fall" policies and procedures. Thus, other than the effective dates stated on the front pages of the 2003 and 2004 Guidelines, the portions of the documents relevant to Wal–Mart's "slip-and-fall" procedures are identical. Furthermore, the Parkers have failed to prove to this court by clear and convincing evidence that they would have presented their case any differently had the defendant given them the 2003 Guidelines instead of the 2004 Guidelines. This court need not further address whether Wal–Mart engaged in fraud or other misconduct during discovery because: (1) the Parkers have not met their burden of proving that the defendant prevented them from fully and fairly presenting their case; and (2) the Parkers have offered no credible evidence of any fraud or intentional withholding.

### III. *Conclusion*

In summary, this court finds that the plaintiffs' arguments submitted pursuant to Fed.R.Civ.P. 60(b)(2) and 60(b)(3) do not merit relief from this court's grant of the defendant's motion for summary judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs motion to relieve the plaintiffs of the granting of the

defendant's motion for summary judgment [**Docket Nos. 113**] is denied.

**SO ORDERED AND ADJUDGED.**