767 So.2d 823 (2000)
Lanvin LeBLANC and Charlotte LeBlanc
v.
CALLAIS ENTERPRISES PARTNERSHIP, INC., Connecticut Specialty Underwriters, Miss Charlotte, Inc. and Sunderland Marine Mutual Insurance Company Limited.
No. 00-CA-132.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2000.
*824 Timothy J. Falcon, Marrero, Louisiana, Attorney for Plaintiffs/Appellants.
John B. Peuler, Gregory L. Ernst, McAlpine, Peuler & Cozad, New Orleans, Louisiana, Attorneys for Defendants/Appellees (Callais Enterprises Partnership, Inc. and Connecticut Specialty Underwriters).
Rufus C. Harris, III, Alfred J. Rufty, III, New Orleans, Louisiana, Attorneys for Defendant/Appellee (Sunderland and Mutual Marine Insurance Company, Ltd.)
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MADELINE JASMINE, Pro Tempore.
GOTHARD, Judge.
Plaintiffs appeal from the decision of the trial court granting the exceptions of no cause of action and res judicata filed by defendants, Callais Enterprises and Connecticut Specialty Underwriters.
This case arises from a collision between two vessels, the M/V Lady Deb and the F/V Miss Charlotte (shrimp boat), occurring on August 13, 1995. Named as defendants were Callais Enterprises and Connecticut Specialty Underwriters, owner and insurer of the M/V Lady Deb; and Lady Charlotte, Inc. and Sutherland Marine, owner and insurer of the F/V Lady Charlotte.
*825 Plaintiff Lanvin LeBlanc was the captain aboard the F/V Lady Charlotte, and the president of Lady Charlotte, Inc., owner of the boat, at the time of the collision. Plaintiff alleges that he was on his time off, and asleep, when the M/V Lady Deb struck the F/V Lady Charlotte in the Gulf of Mexico. He alleges that he suffered injury as a result of the collision. He filed this suit in the 24th JDC alleging claims under the Jones Act and for unseaworthiness under general maritime law. In addition, he requested punitive damages. His wife, Charlotte LeBlanc, asserted a claim for loss of consortium.
Prior to the filing of this suit, Miss Charlotte, Inc. and Sunderland Marine filed suit in the United States District Court for "loss of profits from said vessel [F/V Lady Charlotte] during the period of repairs, possible contingent liability, maintenance and cure, and miscellaneous expenses" arising out of the collision. Plaintiff Lanvin Leblanc intervened in the suit for "lost income" from shrimp sales while the F/V Lady Charlotte was down for repairs. All claims in this federal suit, including those filed by Mr. LeBlanc, were settled in June of 1997. On June 20, 1997, the federal court suit was dismissed, with prejudice.
The instant petition was filed July 10, 1998. Callais Enterprises and Connecticut Specialty (hereinafter "Callais") filed exceptions of no cause/right of action, alleging that Lanvin had no right of action because he executed a release; that he had no cause of action for punitive damages under general maritime law; and that Mrs. LeBlanc had no cause of action because loss of consortium was not recoverable under the general maritime law by the wife of a Jones Act seaman. Callais subsequently filed an exception of res judicata, arguing that Lanvin's release in federal court arose out of the same transaction and occurrence. The exception came before the trial court on November 10, 1998, and the trial court rendered judgment on December 15, 1998, granting the exception of res judicata against Lanvin Leblanc, and dismissing his suit. The trial court further granted the exception of no cause of action against Charlotte LeBlanc, dismissing her suit. This appeal followed.
On appeal, Mr. Leblanc alleges that the trial court erred in finding that the settlement agreement in the federal court precluded his claims in this suit.
"A dismissal with prejudice normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." Matter of West Texas Marketing Corp., 12 F.3d 497, 501 (5th Cir.1994). When a state court is required to determine the preclusive effect of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993).
The federal law of res judicata was set forth in Nilsen v. Moss Point, 701 F.2d 556, 559 (5th Cir.1983) where the court, sitting en banc, said:
The critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts. The rule is that res judicata "bars all claims that could have been advanced in support of the cause of action on the occasion of its former adjudication, ..., not merely those that were adjudicated."
The suit in federal court and this suit in state court both arose out of the boat collision, and with the same nucleus of operative facts.
In this case, the release executed by Mr. LeBlanc states that:
KNOW YE, that we,
MISS CHARLOTTE, INC. AND LANVIN LEBLANC, for and in consideration of the sum of SIXTY TWO THOUSAND AND 00/100 ($62,000.00), cash in hand paid to us, the receipt of which is hereby acknowledged, have remised, released and forever discharged *826 and by these presents remise, release and forever discharge Callais Enterprises Partnership, Inc., its officers, directors, owners, successors, assigns, employees, affiliated/subsidiary companies, lessees, managers, underwriters, charterers and insurers, and the M/V LADY DEB, her engines, boilers, masts, cargo, tackle, apparel, furniture, receivers, owners, agents, operators, charterers, lessees, managers, underwriters and insurers, masters, officers, crewmembers, and any and all persons having an interest in the said vessel, of and from any and all manner of actions, suits, liens, debts, damages, injuries and claims whatsoever, in law, in equity or in admiralty, whether growing out of tort, contract, compensation, or otherwise, including, but not limited to, all rights or causes of action arising from the collision of the M/V LADY DEB with the F/V MISS CHARLOTTE on or about August 13, 1995.
* * *
In further consideration of the payment of the aforesaid sums, we hereby convenant and agree that we will never hereafter institute or file any suit, complaint or action, at law, admiralty or otherwise, against the parties and the vessels released by us for any claims arising from the vessel collision which forms the basis of this Receipt and Release.
The language of the release encompasses all claims against Callais, and therefore operates to bar any subsequent suit, including those for personal injury, arising out of the collision between the M/V Lady Deb and the F/V Miss Charlotte.
Mr. Leblanc argues that he intended to release only his claim for lost profits, and no other. He points to his status as a seaman and alleges that close scrutiny of this matter will support his position.
In Simpson v. Lykes Bros., Inc., 22 F.3d 601, 602, (5th Cir.1994) the court said that:
The shipowner bears the burden of proof in establishing the validity of a seaman's release. The shipowner must show that the seaman's release was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights
. . .
Factors relevant to an appraisal of a seaman's understanding of his rights include the nature of the legal advice available to the seaman at the time of signing the release, the adequacy of the consideration, whether the parties negotiated at arm's length and in good faith, and whether there was the appearance of fraud or coercion.
(internal quotations and citations omitted).
In Borne v. A & P Boat Rentals No. 4, Inc., 780 F.2d 1254 (5th Cir.1986), the court held:
When a seaman is acting upon independent advice and that advice is disinterested and based upon reasonable investigation, there being no question of competence, a settlement agreement will not be set aside.
In this case, the record shows that the same counsel represented Mr. Leblanc and Miss Charlotte, Inc. Mr. Leblanc signed the release on his own behalf and he also resigned the release on behalf of Miss Charlotte, Inc. as president of that company. There is nothing in the record to show that counsel was anything but competent and disinterested. Further, there is nothing in the record to suggest fraud or coercion. Accordingly, we find no error in the trial judge's decision dismissing plaintiff's suit, because Mr. Leblanc's claims under the Jones Act and general maritime law, as well as his claims for punitive damages, are barred by the doctrine of res judicata.
Plaintiffs next allege that the trial judge erred in granting the exception of no *827 cause of action and dismissing the claims for loss of consortium filed by Mrs. Leblanc. Loss of consortium is a non-pecuniary damage not recoverable. "Miles v. Apex Marine, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) and its progeny say clearly there is no recovery by parents, spouses or children for loss of society in a general maritime action for wrongful death or injury to a Jones Act seaman." Dixon v. Cliffs Drilling Co., 633 So.2d 277 (La. App. 1 Cir.1993). We therefore find that the trial judge did not err in dismissing the claims filed by Mrs. Leblanc.
For the above discussed reasons, the judgment of the trial court is affirmed. Costs are assessed against appellants.
AFFIRMED.