| WOODARD, Judge.
Mr. Gerald Brooks filed a writ of mandamus against the Town of Sunset, Louisiana (Sunset), seeking to have the trial court order Sunset to issue him a liquor license. In response, Sunset filed an exception of res judicata. The trial court ruled in Sunset’s favor, dismissing Mr. Brooks’ action, on zoning ordinance grounds, rather than on res judicata. Mr. Brooks appeals. Sunset answered the appeal, asserting the exception of res judica-ta, which the trial court did not decide. We affirm the trial court’s decision but for different reasons. We find that res judi-cata bars Mr. Brooks’ action.
[[Image here]]
On May 10, 2000, Mr. Brooks filed a petition for a writ of mandamus against Sunset, asking the court to order Sunset to issue him a liquor license. He alleged that while Sunset had issued him an occupational license, it denied him a liquor license. Sunset responded to the petition with a peremptory exception of res judica-ta, urging that the same parties had previously litigated this same issue, the denial of a liquor license, in the same court.
The trial court heard the matter on January 5, 2001 and issued its reasons for judgment, on January 11, 2001, for denying Mr. Brooks’ request. The trial court based its ruling on zoning standards and reasoned that Sunset’s Zoning Ordinance 4 of 1972 controlled; that, consistent with that zoning ordinance which had designated the property as “residential,” the mayor and the town council had acted within their authority; in fact, the mayor had no authority to authorize, an occupational license. Further, the trial court found that *609 Mr. Brooks knew, as of June of 1999, that any license, which he received, would be subject to the “no alcohol” restrictions. Accordingly, it dismissed his petition with prejudice and at his costs.
The trial court did not address the res judicata exception because, apparently, it had, inadvertently, overlooked Sunset’s proof of the exception—the settlement documents—which were in the record. On January 25, 2001, the trial court amended its reasons for judgment, acknowledging that the settlement documents were, indeed, in evidence. However, it declined to address the exception because it opined that its previous ruling had rendered the exception moot.
li>Mr. Brooks appealed, contending that the trial court erred in relying on the zoning ordinance as a basis for its decision. Sunset answered, asserting that the trial court’s dismissal of the mandamus action should be affirmed because of res judicata, not zoning.
⅜ ⅜ ⅜ ⅜ ⅝

Res Judicata

In 1991, Mr. Brooks filed a lawsuit against Sunset, because it denied him a liquor license for his property on Bellevue street, which is within Sunset’s corporate limits. In 1996, Sunset’s insurance company paid him $10,000.00 as full settlement of all of his claims against Sunset. In the Receipt and Release of All Claims with Indemnity Agreement, Mr. Brooks agreed to:
“indemnify and hold forever harmless ... The Town of Sunset ... of and from any and all other claims that may be brought by me or by anyone on my behalf or by anyone to whom I subrogat-ed all or part of my claim, whether conventional or by operation of law .... as a result of the Town of Sunset’s denial of occupational and/or liquor licenses or permits to- Gerald Brooks for the purpose of operating a night club or lounge on Bellevue Street in the city limits of Sunset, Louisiana.”
(Emphasis added).
Accordingly, the trial court signed a judgment, dismissing Mr. Brooks’ suit, with prejudice.
Now, Mr. Brooks is attempting to reliti-gate this same matter, involving the same property, against the same party, by using a mandamus action.
La.R.S. 13:4231 governs res judicata:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If,the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the | ¿transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
(Emphasis added.)
 The peremptory exception of res judicata “serves the interest of judicial economy by preventing relitigation of the *610 same issue between the same parties.”[1] While the identity of the parties is still a prerequisite, the “central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action, that arises out of the transaction or occurrence that was the first action’s subject matter .”[2] Jurisprudence has recognized that while res judicata is ordinarily premised on a final judgment on the merits, it also applies when parties settle a disputed matter for which a suit has been filed.[3] A suit’s dismissal, with prejudice, constitutes a final judgment on the merits and bars a later suit on the same cause or cause of action, against the same party.[4]
This is precisely the situation in the instant matter. Thus, we find that res judicata bars Mr. Brooks’ present, as well as any future, action, against Sunset for a liquor license regarding the Bellevue property.
Our decision pretermits consideration of zoning, which the trial court addressed and which Mr. Brooks questioned in his brief.
We affirm the trial court’s decision; however, on different grounds.
I ¿CONCLUSION
Res judicata bars Mr. Brooks’ mandamus petition. We affirm the trial court’s decision in Sunset’s favor and cast Mr. Brooks with all the appeal’s costs.
AFFIRMED.

. La.R.S. 13:4231 1990 Revision Comments, Comment (b); see also Terrebonne Fuel & Lube v. Placid Ref., 95-0654, 95-0671 (La.1/16/96); 666 So.2d 624.

. La.R.S. 13:4231 1990 Revision Comments, Comment (a).

. Ortego v. State Dep’t of Trans. & Dev. 96-1322 (La.2/25/97); 689 So.2d 1358.

. LeBlanc v. Callais Enter. P'ship, Inc. 00-132 (La.App. 5 Cir. 7/25/00); 767 So.2d 823, writ denied, 00-2486 (La.11/27/00); 775 So.2d 447.