United States Court of Appeals,

Fifth Circuit.

No. 93-7403.

Summary Calendar.

Claibon SIMPSON, Sr., Plaintiff-Appellant,

v.

LYKES BROS. INC., et al., Defendants,

Texaco, Inc., Defendant-Appellee.

June 9, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Simpson appeals the district court's judgment dismissing his Jones Act suit against the defendant, Texaco. We affirm.

I.

In 1992, Claibon Joseph Simpson, Sr., filed a Jones Act suit against Texaco and others alleging that he suffered hearing loss due to exposure to excessive noise during his seagoing employment from 1965 through 1984.

Texaco filed a Motion for Summary Judgment. In support of its motion, Texaco submitted an excerpt from Simpson's deposition testimony and a copy of a release signed by Simpson in October 1989. Pursuant to the release, Simpson and his wife settled with Texaco for $398,000 for a 1984 back injury. Simpson did not submit an affidavit or other evidence in opposition.

The district court granted Texaco's motion and stated that the

1

"Plaintiff's present claims against Texaco, Inc., for loss of hearing are barred due to Plaintiff's signing of the FULL AND FINAL RECEIPT AND RELEASE."  All other defendants were dismissed.

## II.

On appeal, Simpson argues that the district court incorrectly interpreted the scope of the 1989 release.  Simpson argues that the release is specifically limited to the back injury.  He argues that he did not appreciate the consequences of the release because he did not know of the hearing loss until after he signed the release.

"Seamen are wards of admiralty and any release or settlement involving their rights is subject to careful scrutiny." *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 606 (5th Cir.1986).  "The ultimate concern in these cases, however, is not whether the seaman has received what the court believes to be adequate consideration, but rather whether the seaman relinquished his rights with an informed understanding of his rights and a full appreciation of the consequences when he executed a release." *Id.*

The shipowner bears the burden of proof in establishing the validity of a seaman's release.  *Castillo v. Spiliada Maritime Corp.,* 937 F.2d 240, 244 (5th Cir.1991).  "The shipowner must show that the seaman's release was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights."  *Id.* (internal quotations and citation omitted).  The burden is heavier on a motion for summary judgment because the shipowner must conclusively demonstrate the absence of a genuine issue of material fact.  *Id.*

2

This court reviews a grant of summary judgment de novo. *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991). Factors relevant to an appraisal of a seaman's understanding of his rights include the nature of the legal advice available to the seaman at the time of signing the release, the adequacy of the consideration, whether the parties negotiated at arm's length and in good faith, and whether there was the appearance of fraud or coercion. *Borne v. A & P Boat Rentals No. 4, Inc.,* 780 F.2d 1254, 1256-57 (5th Cir.1986).

The release clearly stated the terms of the agreement and Simpson's rights against Texaco. In exchange for the consideration given, the Simpsons agreed to "fully hold harmless" Texaco from

> any and all liability of any sort ... arising from deleterious or detrimental exposures, events or occurrences sustained by CLAIBON JOSEPH SIMPSON, SR., and all consequences thereof, whether known or unknown while I, CLAIBON JOSEPH SIMPSON, SR., worked aboard or about the properties, personnel and or vessels of ... [Texaco], including but not necessarily limited to even my death and/or that which form the basis of the [back injury suit] ...

> We further understand that this Release and the aforesaid consideration covers [sic] all future and unknown damages, as well as such damages as are now known to have occurred ...

Simpson concedes that the release was not signed under duress. The Simpsons acknowledged that they had been advised by counsel and that they understood the advice. They stipulated that "[a]s part of the consideration hereof, we sign this Release after we have consulted with attorneys of our own choice and with full knowledge that we are giving up all our rights against the said ... TEXACO, INC. ..." It was Simpson's counsel who negotiated the settlement in apparent good faith at arm's length.

3

The consideration of $398,000 received by Simpson does not support a finding that he was uninformed of his rights or that he did not recognize the consequences when he settled. See *Stipelcovich,* 805 F.2d at 606.

The district court analyzed the release in light of the *Borne* factors and determined that "it is difficult to see how Mr. Simpson can now argue that he did not understand the release, or believed that it was limited to the injuries to his back and nervous system." The district court did not err in concluding that Simpson was informed of his rights and of the consequences of signing the release.

The district court correctly rejected Simpson's argument that the release does not cover his hearing loss because he was unaware of this injury when he signed the release. The release expressly covers unknown events and exposures as well as future damages both known and unknown.

Texaco met its burden of establishing that there are no material facts at issue in this case. Simpson offered no evidence establishing the existence of a genuine issue for trial. The release bars suit by Simpson against Texaco, and the court correctly granted summary judgment as to Texaco.

### III.

Simpson argues that if there was a general release, it is void as a matter of public policy because Texaco drafted the release and because there was unequal bargaining power between Simpson and Texaco. Simpson does not support this argument with any

controlling case law or evidence, therefore, this argument is without merit.

Simpson signed the release with assistance of counsel. He does not complain about the adequacy of that representation. "When a seaman is acting upon independent advice and that advice is disinterested and based on a reasonable investigation, there being no question of competence, a settlement agreement will not be set aside." *Borne,* 780 F.2d at 1258.

AFFIRMED.