IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-60674

JAMES BRAD STEVERSON,

Plaintiff-Appellant,

v.

GLOBALSANTAFE CORPORATION,
d/b/a  GLOBALSANTAFE DRILLING COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi, Gulfport

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge.

Plaintiff-Appellant, James Brad Steverson, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion.  Finding that the district court abused its discretion in denying the motion, we vacate the judgment and remand for an evidentiary hearing.

I.    BACKGROUND

Steverson was employed by Defendant-Appellee, GlobalSantaFe, as a Derrickman aboard a semi-submersible drilling rug.  On October 11, 2003, Steverson and another hand, Jeff Sutherland, were asked to investigate the cause of an overflow in the mud ditch. Steverson claims that he asked his supervisor, Landon Dotson, to slow or stop the pumps and that Dotson refused.

Steverson then went to the cantilever deck to access a plug in the mud ditch located just below a railed walkway. Sutherland left to find a pry bar. Steverson attempted to remove the plug by himself and lost his balance, falling to the main deck, some fifteen to twenty-five feet below. It is undisputed that Steverson sustained significant injuries and required a lengthy surgery. He submitted evidence demonstrating that he is unable to return to gainful employment and suffers from permanent pain and physical restrictions. He submitted evidence of damages in excess of $4,000,000, excluding pain and suffering.

Steverson hired William Denton, an attorney in Biloxi, Mississippi, to represent him. Pam Jenner, an associate, was also working on the case. Subsequently, Denton passed away, and Jenner, who left the firm, became Steverson's sole attorney. Steverson and GlobalSantaFe engaged in an unsuccessful attempt to mediate a settlement.

On December 14, 2004, Steverson filed suit against GlobalSantaFe, seeking recovery under the Jones Act and general maritime law for injuries sustained during his fall. GlobalSantaFe filed an answer denying liability and raising numerous affirmative defenses. After discovery began, a second unsuccessful mediation session was held.

Steverson's attorney requested a settlement conference, which was held before a magistrate judge on August 5, 2005. After multiple offers and demands, the attorneys announced a settlement to the court. GlobalSantaFe agreed to pay $350,000, which included paying $50,000 for an annuity that would pay Steverson $150,000 at the age of 55. Magistrate Judge Walker entered an order of dismissal. However, no record of the settlement was taken by the court.

Eight days later, Steverson notified his attorney that she was terminated and that he "rejected the offer of settlement." After GlobalSantaFe was notified that Steverson would not sign the release, it filed a motion to compel settlement.

Steverson filed a reply to the motion to compel, a motion pursuant to Rule 60(b) to vacate the judgment of dismissal, and a motion for an evidentiary hearing. Steverson's position was that he had not authorized his counsel to accept the settlement. His position was that his attorney had led him to believe that he had 30 days to decide whether to accept the settlement offer. Jenner filed a response to Steverson's motions, asserting that he had accepted the offer of $350,000. Jenner also agreed with Steverson's request for an evidentiary hearing.[1]

On December 12, 2005, the magistrate judge filed a report recommending denial of the Rule 60(b) motion and enforcement of the settlement agreement without an evidentiary hearing. Steverson objected. On March 28, 2006, the district court adopted the report and recommendation of the magistrate judge. Steverson now appeals.

II.    ANALYSIS

Steverson contends that the district court committed reversible error in denying his Rule 60(b) motion for relief from order of dismissal. Rule 60(b) allows a court to relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief.

More specifically, Steverson contends that the district court erred in denying relief under the catch-all provision of Rule 60(b)(6). "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."   Stipelcovich v. Sand

---

[1]    However, Jenner subsequently filed a response urging the court to enforce the settlement and a motion for attorney's fees and costs.

Dollar Marine, Inc., 805 F.2d 599, 604-05 (5th Cir. 1986) (citing 7 J. LUCAS & J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 60.27[2] at 274 (2d ed. 1985)). A decision with respect to a motion to vacate a final judgment pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." Id. at 604.

Steverson is a seaman. "Seamen, of course, are wards of admiralty whose rights federal courts are duty-bound to jealously protect." Karim v. Finch Shipping Co., 374 F.3d 302, 310 (5th Cir. 2004) (internal quotation marks and citation omitted). "[A]ny release or settlement involving [a seaman's] rights is subject to careful scrutiny." Stipelcovich, 805 F.2d at 606 (citing Wink v. Rowan Drilling Co., 611 F.2d 98, 100 (5th Cir. 1980)). "The ultimate concern in these cases, however, is not whether the seaman has received what the court believes to be adequate consideration, but rather whether the seaman relinquished his rights with an informed understanding of his rights and a full appreciation of the consequences when he executed a release." Garrett v. Moore-McCormack Co., 317 U.S. 239, 248 (1942) (citation omitted). "The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of this understanding." Id. The shipowner bears the burden of proving that the seaman's release is valid. Simpson v. Lykes Bros., 22 F.3d 601, 602 (5th Cir. 1994) (per curiam). Accordingly, a shipowner must demonstrate that the release was "executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights." Id.

Steverson asserts that he understood that he had 30 days from August 5th to accept or decline the $350,000 offer of settlement from GlobalSantaFe. The August 5th order of dismissal provided as follows:

All parties having agreed to and announced to the Court a settlement of this case, and the Court being desirous that this case be finally closed on its docket,

IT IS ORDERED that this case is hereby dismissed with prejudice as to all parties. If any party fails to consummate this settlement within thirty (30) days, any aggrieved party may reopen the case for enforcement of the settlement agreement within ten (10) days, and if successful, all additional attorneys' fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to consummate the agreement. This Court specifically retains jurisdiction to enforce this settlement.

It is undisputed that Steverson had knowledge of the dismissal order. We believe that a lay person could have interpreted the language as Steverson has asserted. Indeed, we find the language of this order confusing. It arguably reads that after 30 days the court would not have jurisdiction to enforce the settlement. Moreover, Steverson submitted the affidavits of his wife and Daniel Finley, a friend who had accompanied him to the settlement negotiations. These affidavits support Steverson's assertion that he believed he had 30 days to accept or decline the offer of settlement. Also, the fact that Steverson informed his counsel within 30 days of the order further supports his assertion.

We also find troubling the circumstances of the settlement negotiations. The attorneys were in chambers discussing settlement with the magistrate judge but Steverson, the plaintiff-seaman, was in a different room. The court did not question Steverson regarding whether he agreed to the amount of the settlement. No record of the settlement was taken by the court. Additionally, there is no written authorization for Jenner to accept a settlement of $350,000 on behalf of Steverson. We cast no aspersions on Jenner. Nonetheless, there should be evidence in the record from the seaman indicating he knowingly relinquished his rights and had a full appreciation of the consequences at the time of the settlement. Here, the record contains no such evidence from

Steverson. After Steverson terminated Jenner's services, Jenner filed a response to the Rule 60(b) motion asserting that Steverson had been willing to settle for a fraction of his documented damages. Apparently recognizing the woeful lack of evidence, Jenner "agree[d] with [Steverson's] request for an evidentiary hearing regarding enforcement of this settlement." Suffice it to say that we do not find Jenner's after-the-fact response makes the required showing with respect to Steverson's understanding of his rights and the consequences of the settlement.

This Court has recognized there are factors that inform a district court's decision with respect to a Rule 60(b) motion. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). We are mindful that although "final judgments should not lightly be disturbed," the "rule should be liberally construed in order to achieve substantial justice." Id. We are also mindful that litigants are not to use a Rule 60(b) motion as a substitute for an appeal. Id. We do not perceive the instant motion to be a substitute for an appeal.

Another factor is whether the motion was filed within a reasonable time after judgment. Id. On August 5, 2005, the order of dismissal was signed. Within eight days, Steverson informed Jenner that he did not agree to the settlement and terminated her services. On August 24, Jenner so informed the court and moved to withdraw as counsel. On August 25, a motion to compel settlement was filed by GlobalSantaFe. Steverson obtained new counsel, who filed a notice of appearance on September 15. On October 14, Steverson, through counsel, filed the Rule 60(b) motion, a response to the motion to compel, and a motion for an evidentiary hearing. We consider the motion to have been made within a reasonable amount of time and conclude that the interests of justice outweigh the virtue of finality of the judgment in this particular case.

Moreover, as set forth previously, the ultimate concern is whether the seaman relinquished his rights with an informed understanding and a full

appreciation of the consequences when he settled his claim. Here, there is no evidence in the record from Steverson indicating that he had an informed understanding of his rights pursuant to the settlement agreement. Relying on Stipelcovich, GlobalSantaFe argues that Steverson's alleged confusion is not enough to warrant relief. 905 F.2d 599. However, in that case, the evidence demonstrated that the seaman's counsel had explained the release to him and the "release clearly stated the terms of the agreement." Id. at 606 (emphasis added). As mentioned previously, we find the dismissal order confusing and susceptible to Steverson's interpretation. Further, in Stipelcovich, we stated the settlement was negotiated by his counsel in apparent good faith at arms length. Id. In contrast, Steverson fired his attorney and asserted that he had never given her authorization to settle for $350,000.[2] Steverson also asserted that Jenner led him to believe that he had thirty days to consider whether to accept the settlement agreement. Jenner denied his accusations. The district court, however, did not hold a hearing to resolve these conflicting stories or otherwise assess the legal advice that Jenner provided to Steverson; it should have. See Garrett, 317 U.S. at 248 (holding that the "nature of the . . . legal advice available to the seaman at the time of signing" the settlement agreement is "relevant to an appraisal of [his] understanding."). Under these circumstances, we find that the district court abused its discretion in failing to conduct an evidentiary hearing on Steverson's Rule 60(b) motion.[3]

Accordingly, we VACATE the district court's denial of Steverson's Rule 60(b) motion and REMAND for an evidentiary hearing. Upon remand, the

---

[2]   GlobalSantaFe also cites Simpson, 22 F.3d at 602, as authority for affirming the settlement. Simpson is inapposite. There, the seaman and his family "acknowledged that they had been advised by counsel and that they understood the advice." Id.

[3]   In view of our disposition, we need not reach the remaining arguments raised by Steverson.

district court shall not enforce this putative settlement unless the evidence demonstrates that it was made with Steverson having an informed understanding of his rights and a full appreciation of the consequences of the settlement. In making this determination, the court should be mindful of its duty to "jealously protect" Steverson's rights. Karim, 374 F.3d at 310. Further, the court should bear in mind that the burden is on the party attempting to enforce the settlement.

VACATED AND REMANDED.