# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30573

CLAUDE ALLEN NEWSOME,

Plaintiff–Appellant,

v.

NATIONAL CASUALTY COMPANY, ET AL.,

Defendants,

REGIONS BANK,

Intervenor–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2016

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-9

Before CLEMENT and OWEN, Circuit Judges, and JORDAN, District Judge.[*]

PER CURIAM:[**]

Claude Allen Newsome appeals the district court's denial of his Rule 60(b) motion, which sought to vacate three district court orders placing

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30573

settlement proceeds he received in connection with a personal injury lawsuit into a trust. Because Newsome has not shown that the requirements for vacating a judgment or order under Rule 60(b) are met here, we affirm.

## I

Newsome, who is legally blind as a result of macular degeneration, was rendered a quadriplegic as a result of a November 2010 automobile accident in Bossier Parish, Louisiana. After the accident, Newsome executed a general power of attorney appointing Robert Eugene Lansdale as his agent. Lansdale then engaged attorney Norman R. Gordon to represent Newsome in pursuing claims arising out of the automobile accident.

Gordon filed this lawsuit against various defendants in Louisiana state court in December 2010, and the defendants removed the case to federal district court based on diversity jurisdiction. In January 2014, the parties engaged in mediation and agreed to settle Newsome's claims for $7.4 million. Thereafter, Gordon communicated with Lansdale and Newsome about the possibility of establishing a special-needs trust for Newsome's benefit. Lansdale conveyed that Newsome would not consider the establishment of a trust, and in February 2014, Gordon notified Newsome and Lansdale that he planned to withdraw from his representation of Newsome because "a clear conflict of interest ha[d] developed."

Gordon then sent a letter to the district judge, raising his "concern[ ] that Mr. Lansdale will not use all of the settlement proceeds to benefit Mr. Newsome" and "ask[ing] the court to consider steps to protect Mr. Newsome from the possibility of undue influence of Mr. Lansdale over Mr. Newsome." In response to Gordon's letter, the court held a telephonic status conference at which Gordon appeared, purportedly on behalf of Newsome, but apparently without Newsome's knowledge. Afterwards, the district court issued a minute entry reflecting that at the conference, "[t]he attorneys were ordered to begin

No. 15-30573

the process of creating a special needs trust/medicare set aside in relation to the funds received from the settlement of Plaintiff Claude Allen Newsome's claims." No pleadings have been filed requesting such an order, and there is no transcript of the status conference in the record.

Following a second status conference, the district court entered an order appointing Regions Bank (Regions), with which the district judge had personally initiated contact, "as the corporate trustee over the settlement funds and property of Plaintiff Claude Allen Newsome." The same order simultaneously appointed Newsome's aunt, Stella Jean Godley, "as the trustee over Plaintiff Claude Allen Newsome's person."

Ultimately, the trust ordered by the district court was created, and the court ordered that the $3,879,835.67 in settlement proceeds remaining after payment of fees, expenses, liens, and set asides be transferred to the trust. An order dismissing all claims in this case was entered by the district court on May 7, 2014. Newsome did not appeal from any order pertaining to the establishment of the trust, appointment of trustees, or transfer of settlement proceeds to the trust. He also did not appeal from the order of dismissal.

In October 2014, Newsome retained his current counsel, who contacted Regions and implored the bank to recognize that there was no legal basis for the trust's creation. Regions then filed a "motion for trustee's instructions" seeking clarification from the district court as to, among other issues, "whether the court's orders appointing Regions Bank as trustee over the settlement funds and property of Newsome remain valid and enforceable orders," and "whether the [t]rust is a valid and enforceable trust under applicable federal and state law."

In December 2014, through his new counsel, Newsome filed a Rule 60(b) motion for relief from the orders requiring the establishment of a trust, appointing trustees, and transferring settlement proceeds to the trust. The

3

court held a two-day evidentiary hearing, after which it entered an order denying Newsome's motion. That order also clarified, in response to Regions's motion for trustee's instructions, that the district court's previous orders remained enforceable.

Newsome timely appealed from the district court's June 29, 2015 order denying his Rule 60(b) motion.

## II

Newsome seeks relief under Federal Rule of Civil Procedure 60(b). Although he does not specify in his briefs which subsection of Rule 60(b) he moves under, Newsome's counsel clarified at oral argument that the motion was filed pursuant to Rule 60(b)(4) and 60(b)(6). Accordingly, we limit our analysis to those grounds.

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'"[1] Because void judgments are legal nullities and district courts have no discretion whether to vacate them, our review under Rule 60(b)(4) is "effectively *de novo*."[2]

Most of Newsome's arguments attacking the district court's orders as void under Rule 60(b)(4) relate to the underlying merits of those three orders directly. Specifically, he argues that the orders are void because the district court lacked the legal authority to enter them. In fact, his briefing is almost entirely devoted to the alleged impropriety of those underlying orders, rather than to the district court's denial of his Rule 60(b) motion. But "[a] judgment is not void . . . simply because it is or may have been erroneous."[3] Nor is a Rule

---

[1] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting FED. R. CIV. P. 60(b)(4)).

[2] *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 267 (5th Cir. 2013) (per curiam) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 521 (5th Cir. 2002)).

[3] *Espinosa*, 559 U.S. at 270 (internal quotation marks omitted); *see also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ("[P]rocedural irregularities during the

60(b)(4) motion "a substitute for a timely appeal."[4]  Newsome's arguments targeting the district court's orders directly, therefore, are insufficient.[5] Instead, as the Supreme Court held in *United Student Aid Funds, Inc. v. Espinosa*, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[6]

Newsome does not attempt to argue that the district court lacked jurisdiction over the parties or subject matter of this case.  Instead, he contends that his due process rights were denied due to a lack of notice and opportunity to be heard.

The record belies Newsome's claim that he lacked notice of the orders he seeks to have vacated.  Newsome attempts to argue that Gordon's knowledge of the orders, as Newsome's counsel, cannot be imputed to Newsome because Gordon's interests were adverse to his own.  However, the record reflects that Newsome, through Lansdale, hired two additional attorneys, Paul Newton and John Woodfield, in the immediate aftermath of the orders Newsome challenges.  The first, Newton, specifically referenced, in a motion to substitute as Newsome's counsel, the orders requiring the establishment of a trust and appointing trustees, and in fact requested that those orders be set aside. Newsome did not appeal the district court's denial of that request or its denial

---

course of a civil case, even serious ones, will not subject the judgment to collateral attack." (citation and internal quotation marks omitted)).

[4] *Espinosa*, 559 U.S. at 270.

[5] *Id*. at 273-76 (rejecting argument that, because court lacked authority to enter order without making certain findings, and court had not made such findings, order was "void" under Rule 60(b)(4)).

[6] *Id*. at 271; *see also Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003) (noting that successful due process attacks under Rule 60(b)(4) are rare because "due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction").

No. 15-30573

of Newton's motion to substitute as counsel. The second additional attorney retained to represent Newsome, Woodfield, first met with Lansdale the day the district court dismissed this case, met with Newsome one week later, and also spoke with representatives from Regions. The record is therefore clear that even if Gordon's knowledge of those orders cannot be imputed to Newsome, Newsome had either actual notice of the district court's orders or notice through the other attorneys hired to represent him.[7]

Likewise, Newsome did not lack the opportunity to be heard. Given that he had notice of the district court orders within the time to appeal them, Newsome could have filed a notice of appeal.[8] Even if the two attorneys he retained once it became clear that he and Gordon disagreed about whether a trust was appropriate (both of whom represented him within his window for filing a timely appeal) were unwilling to file a notice of appeal on his behalf, he was not restricted in his ability to file a notice of appeal *pro se*. As noted above, a Rule 60(b)(4) motion is not a substitute for a timely appeal.[9] Thus, even if the district court erred, its orders "remain[ ] enforceable and binding" on

---

[7] *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) ("Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (citation and internal quotation marks omitted)); *Perez v. Stephens*, 784 F.3d 276, 283 (5th Cir.), *cert. denied*, 136 S. Ct. 502 (2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).

[8] *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) ("United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of United's constitutional right to due process.").

[9] *See, e.g.*, *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("We have also held that Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal."); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Newsome because he "had notice of the error and failed to object or timely appeal."[10]

Newsome's challenge under Rule 60(b)(6) also fails. Under Rule 60(b)(6), a district court may vacate a judgment for "any other reason that justifies relief."[11] "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."[12] The disposition of a Rule 60(b)(6) motion is "left to the sound discretion of the district court and will only be reversed if there is an abuse of that discretion."[13]

Newsome's only basis for seeking relief under Clause (6) is that the orders entered by the district court were erroneous. But the question we face is not whether the district court legally erred in issuing the underlying orders; instead, we ask only whether the district court abused its discretion *in concluding that Newsome did not meet Rule 60(b)(6)'s requirements*, that is, in concluding that this case did not present "exceptional circumstances."[14] As with Rule 60(b)(4), "Rule 60(b)(6) motions are not substitutes for timely appeals."[15] Newsome had the opportunity to appeal the district court's orders and did not avail himself of that opportunity. Nor did he offer any reason for that failure. Accordingly, the district court did not abuse its discretion in

---

[10] *Espinosa*, 559 U.S. at 275.

[11] FED. R. CIV. P. 60(b)(6).

[12] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (internal quotation marks omitted).

[13] *Id.* (internal quotation marks omitted).

[14] *Id.*

[15] *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

No. 15-30573

concluding that Newsome's failure to appeal does not constitute an "exceptional circumstance" sufficient to require that those orders be vacated.[16]

\*      \*      \*

For the reasons set forth above, we AFFIRM the district court's denial of Newsome's Rule 60(b) motion.

---

[16] *See Chambers v. Armontrout*, 16 F.3d 257, 261 (8th Cir. 1994) ("Chambers could have appealed from the district court's August 30 order granting the state additional time to retry him, but he did not do so. Absent extraordinary circumstances, Rule 60(b)(6) motions cannot be used to remedy a failure to take an appeal."); *see also Lancaster v. Presley*, 35 F.3d 229, 231 (5th Cir. 1994) ("Rule 60(b) cannot be used to extend the time to appeal.").