# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11285

JOHN STANCU,

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2016

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

v.

STARWOOD HOTELS AND RESORTS WORLDWIDE, INCORPORATED;
SHERATON HOTEL,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2876

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant John Stancu, proceeding pro se, appeals the district court's denial of his Motion to Reopen the Case and Refer the Matter Back to Magistrate Judge Irma Ramirez for a Second Settlement Conference ("Motion to Reopen"). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11285

## I. FACTS AND PROCEDURAL BACKGROUND

Stancu filed suit against his former employer, Defendant-Appellee Starwood Hotels & Resorts Worldwide, Inc.[1] ("Starwood"), in August 2014, alleging violations of the Age Discrimination in Employment Act. In December 2014, the district judge scheduled the parties for a judicial settlement conference before Magistrate Judge Irma Ramirez. At the conference on January 22, 2015, the parties entered into and executed an "Agreement of Settlement and Release" ("Settlement Agreement" or "Agreement").

### A.     The Settlement Agreement

Pursuant to the Settlement Agreement, Stancu agreed to terminate his employment with Starwood, released any claims against Starwood, and promised not to disparage his former employer.[2] In exchange, Starwood agreed to pay Stancu $63,000 "minus applicable taxes and withholding" and to return Stancu's personal toolbox and the tools found in it.[3] The Settlement Agreement also contained a confidentiality provision prohibiting Stancu from disclosing the provisions of the Agreement.

### B.     Dismissal

On January 26, 2015, the district court entered a 30-Day Order of Dismissal, dismissing "all claims . . . without prejudice for thirty (30) days, subject to the Parties' right to reopen the case during that time if a settlement agreement is not reached." The order stated that "[i]f the Parties cannot finalize a settlement, any party may reopen this action during this time" and

---

[1] Although Stancu's complaint also named "Sheraton Hotel" as a defendant, it is not a legal entity.

[2] No provision of the Settlement Agreement gives Stancu reciprocal protection from disparagement by Starwood.

[3] This is not expressly provided for in the text of the Settlement Agreement, but it appears from the briefing that both parties understood Starwood would return Stancu's personal effects when Stancu met with human resources.

2

that if the case was not reopened within the 30-day window, the case would be considered dismissed with prejudice.

On February 6, 2015, counsel for Starwood provided Stancu with the settlement check pursuant to the Settlement Agreement, and the parties filed a Joint Stipulation of Dismissal, dismissing the matter with prejudice. On February 11, 2015, Stancu met with counsel for Starwood, who gave Stancu his final paycheck and returned a box to Stancu containing at least some of his tools.

## C.     The Motion to Reopen

On February 24, 2015, Stancu filed a Motion to Reopen, alleging that Starwood had breached the Settlement Agreement.[4] To resolve the issues between the parties, the magistrate judge scheduled a follow-up settlement conference for April 15, 2015, but no agreement was reached.[5]

Ultimately, Magistrate Judge Ramirez recommended that Stancu's Motion to Reopen be denied and that the remaining motions in the case be denied as moot. The magistrate judge construed Stancu's Motion to Reopen as a motion seeking relief from the parties' joint stipulation of dismissal, pursuant

---

[4] While the Motion to Reopen was still pending, Stancu filed a second lawsuit alleging age discrimination and retaliation and claiming that the previous settlement agreement was void for Starwood's alleged breach of the agreement. *See Stancu v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:15-cv-00672 (N.D. Tex. filed March 2, 2015). In response, Starwood moved to dismiss the second lawsuit and requested sanctions for a violation of the parties' confidentiality agreement.

[5] Following the settlement conference, Stancu moved for sanctions for violation of the Settlement Agreement and to invalidate the Agreement, and Starwood filed a second motion for sanctions for violation of the magistrate judge's order that the terms of the settlement remain confidential. On May 4, 2015, Starwood also filed a separate lawsuit against Stancu seeking a temporary restraining order, preliminary injunction, and permanent injunction enjoining Stancu from breaching the confidentiality and nondisparagement provisions of the Settlement Agreement. The instant case was eventually consolidated with Stancu's second lawsuit, which is still pending before the district court for the Northern District of Texas. *Stancu v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:15-cv-00672, ECF No. 25 (N.D. Tex. Apr. 24, 2016).

to Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, the magistrate judge liberally construed Stancu's arguments for relief as follows: (1) seeking relief under Rule 60(b)(1) by alleging that the Settlement Agreement was invalid because there was no meeting of the minds between the parties; (2) seeking relief under Rule 60(b)(3) because Starwood had purportedly breached the material terms of the Settlement Agreement by not paying Stancu the full amount agreed on, by failing to return all of Stancu's personal effects, and by making disparaging comments about Stancu; and (3) seeking relief under Rule 60(b)(6) based on Starwood's alleged bad faith, Starwood's alleged breach of the Settlement Agreement, and the alleged lack of meeting of the minds.

Stancu objected to the magistrate judge's recommendations and also alleged that Magistrate Judge Ramirez's involvement in his case was a conflict of interest.[6] On December 16, 2015, the district court accepted the magistrate

---

[6] Magistrate Judge Ramirez's participation in the settlement discussions and her issuing her Findings and Recommendation regarding Stancu's Motion to Reopen does not create a conflict of interest requiring recusal. Although we do not necessarily approve of the district court's decision to refer Stancu's Motion to Reopen to the same magistrate judge who presided over the parties' settlement discussions, we cannot say that it was improper for the magistrate judge to review Stancu's motion and issue her Findings and Recommendations. "We have stated that '[a]s a general rule, for purposes of recusal, a judge's "personal" knowledge of evidentiary facts means "extrajudicial," so facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 81 (5th Cir. 2011) (per curiam) (alteration in original) (quoting *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1988)). "Furthermore, we have explained that '[o]pinions formed by the judge that are based on . . . events occurring during the proceedings do not constitute a basis for recusal unless they display a *deep-seated favoritism or antagonism* that would make fair judgment *impossible*.'" *Id.* at 81 (alterations in original) (emphases added) (quoting *Conkling*, 138 F.3d at 593); *see also Blackmon v. Eaton Corp.*, 587 F. App'x 925, 934 (6th Cir. 2014) ("[W]e cannot find authority for the proposition that participation in a mediated settlement conference *categorically* disqualifies a judge from later deciding a motion in that same case."). Here, there is no indication of a deep-seated antagonism on the part of the magistrate judge toward Stancu. Moreover, Magistrate Judge Ramirez's role in issuing the Findings and Recommendations does not bear on the district court's ultimate denial of Stancu's Motion to Reopen in this case because the district court

No. 15-11285

judge's findings and recommendation and denied Stancu's Motion to Reopen. Stancu appeals the district court's denial.

## II. ANALYSIS

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. This court has jurisdiction to review the district court's judgment on the Motion to Reopen pursuant to 28 U.S.C. § 1291.

The denial of a Rule 60(b) motion for relief from judgment is reviewed for abuse of discretion.[7] In other words, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion."[8]

Rule 60(b) states:

On motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released[,] or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

However, "[w]e have consistently held that the relief under Rule 60(b) is considered an extraordinary remedy . . . [and that] [t]he desire for a judicial process that is predictable mandates caution in reopening judgments."[9]

---

reviewed the magistrate judge's recommendation de novo, the district court adopted the Findings and Conclusions as its own, and nothing in the record suggests that Stancu was foreclosed from making, or hindered in pursuing, any arguments before the district court because of the magistrate judge's involvement in the case. *See Blackmon*, 587 F. App'x at 934.

[7] *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).

[8] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

[9] *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (alterations in original) (internal quotation marks omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).

No. 15-11285

Federal courts have consistently "refus[ed] to grant a party who voluntarily requests dismissal of a claim to obtain relief from that judgment under Rule 60(b)."[10]

## A.    Rule 60(b)(1)

Rule 60(b)(1) permits a court to grant relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." The district court correctly characterized Stancu's argument that the Settlement Agreement was invalid for lack of a meeting of the minds as a motion pursuant to Rule 60(b)(1). Stancu's argument is that the form of the Settlement Agreement was misleading so he signed the agreement without being "sure of what Defendants had in mind during the settlement negotiations"—i.e., that this was a "mistake."[11]

The evidence presented by Stancu is insufficient to show that he lacked knowledge of the material terms of the Settlement Agreement. Under Texas law,[12] determining whether there was a meeting of the minds is "based on the objective standard of what the parties said and did and not on their subjective state of mind."[13] Stancu does not allege that he was unable to or did not negotiate the terms of the Settlement Agreement; neither does he contend that

---

[10] *Id.* at 192–93 (giving examples).

[11] Stancu specifically points to (1) the handwritten notes on the final copy of the Agreement, (2) Starwood's failure to provide a fully typed version of the Agreement, (3) the fact that the name of the person signing on behalf of Starwood was not printed, and (4) the fact that the agreement was not notarized.

[12] The Settlement Agreement contains a choice-of-law clause specifying that Texas law should govern any dispute over its interpretation or enforcement. Because neither party disputes the validity of this provision, it is valid and enforceable and any dispute about the Settlement Agreement is properly resolved under Texas law. *Jimenez v. Sun Life Assurance Co. of Can.*, 486 F. App'x 398, 407–08 (5th Cir. 2012) (per curiam) (setting forth several tests under which the validity of a choice-of-law clause can be tested, each of which establishes a rebuttable presumption that the provision is valid).

[13] *In re Capco Energy, Inc.*, 669 F.3d 274, 280 (5th Cir. 2012) (quoting *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, no pet.)).

any provisions were somehow vague or unclear. Rather, Stancu's objections focus on the form of the document, not on its substance. Moreover, the parties' arguments show that there was a meeting of the minds regarding what the material terms *were*, even if there remains disagreement about whether Starwood *met* those terms. Indeed, Stancu personally participated in the settlement negotiations, signed the Settlement Agreement, and later filed a Joint Stipulation of Dismissal with Starwood. Together, these facts objectively show that Stancu was aware of the Settlement Agreement's content. Therefore, the district court did not abuse its discretion in dismissing Stancu's Motion to Reopen based on Rule 60(b)(1).

**B.    Rule 60(b)(3)**

The district court also properly determined that Stancu's argument that Starwood breached the Settlement Agreement could be construed as a motion for relief from judgment under Rule 60(b)(3). "A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."[14]

The facts of this case do not clearly show that Starwood breached the Settlement Agreement. First, Stancu's assertion that Starwood disparaged him is not tantamount to a breach of the Settlement Agreement because no such prohibition exists in the Agreement. Second, Stancu alleges that Starwood failed to pay him the requisite sum required by the Settlement Agreement and did not return all of his personal belongings. Even though Stancu was admittedly not given the full dollar amount specified in the Settlement Agreement, he presented no evidence that the amount deducted

---

[14] *In re Isbell Records, Inc.*, 774 F.3d 859, 869 (5th Cir. 2014) (emphasis omitted) (quoting *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990)).

was greater than the applicable tax and withholding amounts and therefore did not clearly demonstrate breach. Neither is Stancu's contention that Starwood failed to return his toolbox and tools clearly supported by the evidence: Starwood provided affidavit testimony that it attempted to return all of Stancu's items but Stancu refused to accept them. Thus, there is no clear evidence that Starwood breached the Settlement Agreement or engaged in the sort of fraud or misconduct contemplated by Rule 60(b)(3).

Courts have not generally interpreted "misconduct" in Rule 60(b)(3) to include the breach of a settlement agreement.[15] Even if Stancu were correct that Starwood breached the terms of their settlement, this does not in and of itself justify post-judgment relief, given the importance of maintaining finality of judgments and predictability of the judicial process.[16] Because this court has not definitively determined whether breach of a settlement agreement constitutes "misconduct" under Rule 60(b)(3), the district court did not abuse its discretion by denying relief on these grounds.

## C.    Rule 60(b)(6)

Finally, Stancu's objections in the Motion to Reopen could also be construed as a motion for relief under Rule 60(b)(6). That subsection "is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."[17] Although there is some disagreement among the circuits regarding whether breach of a

---

[15] *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 458–59 (6th Cir. 2008).

[16] Importantly, if Stancu's objection is an alleged breach of the Settlement Agreement, he is not without recourse. He has the option of bringing suit for breach of contract.

[17] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)).

settlement agreement can serve as a basis for relief under Rule 60(b)(6),[18] Stancu has not established that Starwood breached the Settlement Agreement in the first place. Because Stancu has not demonstrated any "unforeseen contingencies" or "exceptional circumstances" that would otherwise justify relief under Rule 60(b)(6), the district court did not abuse its discretion by denying his Motion to Reopen.

## III. CONCLUSION

We AFFIRM the district court's denial of Stancu's Motion to Reopen.

---

[18] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (listing cases).